**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0740n.06

No. 08-5960

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 17, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| DORIS ARNOLD, Administrator of the Estate of Gerald Lynn Cornett, ) <br><br> **Plaintiff-Appellee,** ) <br><br> KENTUCKY MEDICAL SERVICES FOUNDATION, INC., ) <br><br> **Intervening Plaintiff-Appellee,** ) <br><br> v. ) <br><br> LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, et al. ) <br><br> **Defendants,** ) <br><br> KRISTINE LAFOE; ANTHONY ESTEP; KENNETH ISAACS; RONALD GAUNCE; MARIA JONES GAINES; CLARENCE McCOY; and ROBERT WILLIAMS; in their individual capacities, ) <br><br> **Defendants-Appellants.** ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY <br><br> **O P I N I O N** |

BEFORE:  NORRIS and COLE, Circuit Judges; ADAMS, District Judge.[*]

**ALAN E. NORRIS, Circuit Judge.**  This case arises out of a tragic set of circumstances that resulted in the death of Gerald Cornett.  The appellants were all employed in some capacity at the

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

Fayette County, Kentucky, Detention Center in mid-August 2005 when Mr. Cornett was brought in after being charged with public intoxication. Some hours later, he slipped into a coma and was taken to a local hospital where he died a few days thereafter. Among other things, his estate seeks compensation from the appellants because they failed to provide the level of basic care for Mr. Cornett mandated by the United States Constitution. The district court denied appellants' motion for qualified immunity, a ruling that is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Because the district court failed to engage in the required individualized assessment of the actions of each defendant, *see Phillips v. Roane County, Tenn.*, 534 F.3d 531, 541-42 (6th Cir. 2008), we reverse and remand to afford it an opportunity to do so.

As we explained in *Phillips*, "[t]he Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Id.* at 539 (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Such claims have both an objective and subjective component. The former requires a plaintiff to show that he had a "serious medical" need that would have been obvious to a layperson. *Id.* at 539-40. The latter requires him to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 540 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

The events for which plaintiff in this case seeks compensation began when he was brought to the detention center and ended some hours later when he arrived at the local hospital. Each of the

appellants had contact with Mr. Cornett that evening and, in plaintiff's view, were deliberately indifferent to his serious medical needs. In denying their claim of qualified immunity, the district court concluded that "there is a genuine dispute as to whether the individual defendants acted with deliberate indifference toward Cornett and thus violated his constitutional right to medical treatment for a serious medical need." Memorandum Opinion and Order, June 17, 2008 at 7-8. The problem with this analysis is that it fails to address the *individual* culpability of each appellant. In *Phillips* we made explicitly clear that a district court "faced with multiple defendants asserting qualified immunity defenses, . . . should consider whether each defendant had a sufficiently culpable state of mind." *Id.* at 542. In other words, it is inappropriate to assess the care (or lack thereof) rendered to Mr. Cornett by the detention center staff *as a group*. For liability to attach to an individual, he or she must have known of Mr. Cornett's serious medical need and knowingly disregarded the substantial risk that it entailed. *Id.* at 540. On remand, it is incumbent on the district court to determine what each appellant knew about Mr. Cornett's condition, when he or she knew it, and what, if anything, he or she did to address it. In making this analysis, of course, the district court must resolve all contested material facts in favor of plaintiff.

The judgment is **vacated** and the cause **remanded** for proceedings consistent with this opinion.

**COLE, Circuit Judge, concurring.** I write separately because, while I agree with the majority that remanding to the district court for individualized qualified immunity assessments is the correct course of action, I believe that the record makes clear that at least some of the defendants are not entitled to qualified immunity.

As the majority notes, in *Phillips v. Roane County*, 534 F.3d 531 (6th Cir. 2008), a deliberate-indifference case arising from the death of an inmate, we stated that "[w]here . . . the district court is faced with multiple defendants asserting qualified immunity defenses, the court should consider whether each individual defendant had a sufficiently culpable state of mind." *Id.* at 542. However, we also emphasized that there is no "rule that plaintiffs cannot present general allegations to prove that each individual defendant has the requisite knowledge for deliberate indifference." *Id.* Based on this, we affirmed the denial of qualified immunity for all of the correctional officer defendants because we found that any correctional officer that came into contact with the decedent during the time in question would have known about her medical problems and "their failure to do anything about her ailments amounted to deliberate indifference." *Id.* at 542. We specifically stated that "given the modest size of the jail and the obvious nature of [the inmate's] symptoms, we find unpersuasive the claim that the officers were unaware of her condition." *Id.* at 542 n.1.

This case presents a similar set of circumstances. All of the relevant events took place in the intake area of the detention center over the course of several hours. The pertinent facts, construed in the light most favorable to the plaintiff, are as follows. The decedent, Gerald Cornett, was brought into the detention center on the arms of two police officers because he was too

intoxicated to walk on his own. One of the officers who brought Cornett into the detention center told detention center officials that Cornett had reported suffering a seizure earlier that night. His blood-alcohol level was measured at .339, which in itself was supposed to have triggered a medical assessment under detention center policy, and Cornett repeatedly asked for medical attention, which he was never given. Cornett's intoxication was obvious to the other inmates, and when summoned by detention center officials to be photographed, he stumbled, knocked his head loudly against the wall, and fell to the floor. After his fall, witnesses saw blood in his hair and on a chair where his head had struck. Officials did not assist Cornett after his fall, and some even laughed at him. After his fall, Cornett was photographed and led to a holding cell where officials laid him down on the floor and left him alone and unattended for nearly an hour and a half. While in the holding cell, Cornett slipped into a coma. Several days later, he died from the head injuries he suffered in the intake area.

Given this set of facts, it is hard to believe that the officials attending to Cornett, particularly after his head injury, were not aware of the seriousness of his condition. Accordingly, I believe that at least some of the defendants acted with deliberate indifference to Cornett's obvious medical needs and are not entitled to qualified immunity.